**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

WUILLIAM RAMIRO NAULAGUARI TENECELA,
*individually and on behalf of others similarly situated,*


Plaintiff,

v.

JEANRICH MANAGEMENT INC. (D/B/A
MARRAFLOR), MARRAFLO MAINTENANCE
CONTRACTING INC. (D/B/A MARRAFLOR),
BALTO ENTERPRISES INC., REY J NIETO, and
EMERICH VON MASSENBACH,

Defendants.

---

**1:21-cv-00232-ERK-RLM**

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

---

This Settlement Agreement and General Release of Claims ("Agreement") is made and entered into by and among Wuilliam Ramiro Naulaguari Tenecela ("Plaintiff"), on the one hand, and Jeanrich Management Inc. (D/B/A Marraflor), Marraflo Maintenance Contracting Inc. (D/B/A Marraflor), Rey J Nieto, and Emerich Von Massenbach (collectively denoted "Defendants"). Plaintiff and Defendants are referred to collectively as the "Parties" or individually as a "Party."

**WHEREAS**, Plaintiff alleges that he worked for Defendants as an employee; and

**WHEREAS**, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, captioned *Tenecela et al v. Jeanrich Management Inc. et al,* Civil Action No: 1:21-cv-00232 (hereinafter "the Litigation"), alleging, among other things, violations of federal and state wage and hour and overtime laws;

**WHEREAS,** Defendants deny any violation of federal and state wage and hour and overtime laws; and

**WHEREAS**, the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation, and to avoid further costs and expenses and the uncertainty of litigation;

**NOW, THEREFORE**, in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the Parties agree as follows:

1.    **Settlement Payment**: Defendants shall pay or cause to be paid to Plaintiff and their counsel, subject to the terms and conditions of this Agreement, the gross sum of Seventy-Five Thousand Dollars and No Cents ($75,000.00) (the "Settlement Amount"). The Settlement Amount shall be allocated and divided between the Plaintiff and Plaintiff's attorneys, Michael Faillace &

Associates, P.C., as follows: $16,173.00 (consisting of $15,279.00 in attorney's fees and $894.00 in costs). The Settlement Amount shall be paid in 6 installments, as follows:

(a)     <u>Installment 1</u>: One check, payable within 30 days of the Effective Date of this Agreement, in the amount of Twelve Thousand Five Hundred and Zero Cents ($12,500.00), made payable to "Michael Faillace & Associates, PC.", of which $9,804.50 shall be allocated to the Plaintiff and $2,695.50 shall be allocated to Plaintiff's attorneys, Michael Faillace & Associates, P.C.

(b)     <u>Each of Installments Two through 6</u>: One check, payable thirty (30) days after the date on which the immediately preceding Installment became due, in the amount of Twelve Thousand Five Hundred and Zero Cents ($12,500.00), made payable to "Michael Faillace & Associates, PC.", of which $9,804.50 shall be allocated to the Plaintiff and $2,695.50shall be allocated to Plaintiff's attorneys, Michael Faillace & Associates, P.C.

(c)     The payments set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

(d)     Failure of Defendants to timely pay all or part of the settlement amount in the matter prescribed in subparagraphs 1(a)(1) and 1(a)((2) shall render all Defendants in default with respect to this Agreement. Similarly, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

(e)     Concurrently with the execution of this Agreement, the respective Defendants shall execute the Confessions of Judgment in the forms attached hereto as Exhibits A and deliver to Plaintiff's counsel copies of said executed Confessions of Judgment, together with an executed copy of this Agreement. Said Confessions of Judgment may be filed only in the event that (i) Defendants are in default with respect to this Agreement, as defined in Paragraph 1(a) above; and (ii) Defendants fail to cure such default within ten (10) days of the giving of notice, in the manner prescribed in Paragraph 7 below, of such default.

2.     **Release and Covenant Not To Sue**: In consideration for Defendants' payment of the Settlement Amount to Plaintiff, Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, related to the claims asserted in the Litigation and hereby waived. Similarly, Defendants release, discharge, and hold Plaintiff harmless from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the Effective Date of this Agreement.

3.     **No Admission of Liability or Wrongdoing.** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. **Modification of the Agreement.** This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties, and with judicial approval.

5. **Acknowledgments:** Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement.

6. **Default:** In the event of Default, as defined in Paragraph 1 above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement, including but not limited to the filing of the Confessions of Judgment referenced in Paragraph 1(c) above, provided that no such court intervention shall be sought until ten days elapse following the giving of notice, in accordance with and as defined in Paragraph 7 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

7. **Notices:** Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof.  Notice hereunder shall be delivered to

**To Plaintiffs:**

Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Email: michael@faillacelaw.com

**To Defendants:**

Rachel M. Haskell, Esq.
The Law Office of Christopher Q. Davis
80 Broad Street, Suite 703
New York, New York 10004
Email: rhaskell@workingsolutionsnyc.com

8. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Eastern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement.

9.     **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10.     **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledge that he had the opportunity to consult with Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. This Release Notification pertains solely to those claims included in Section 2 above. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11.     **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

        **WHEREFORE**, the Parties have read the foregoing Agreement and accept and agree to all of the provisions contained in it.

**PLAINTIFF WUILLIAM RAMIRO NAULAGUARI TENECELA**

_____        Date: _10/4/21_

**DEFENDANTS**

REY J. NIETO

_____        Date: _____

EMERICH VON MASSENBACH

_____        Date: _____

9. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledge that he had the opportunity to consult with Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. This Release Notification pertains solely to those claims included in Section 2 above. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**WHEREFORE**, the Parties have read the foregoing Agreement and accept and agree to all of the provisions contained in it.

## PLAINTIFF WUILLIAM RAMIRO NAULAGUARI TENECELA

_____     Date: _____

**DEFENDANTS**

REY J. NIETO

_____     Date: 10/4/2021

EMERICH VON MASSENBACH

_____     Date: 10/4/2021

4

## CORPORATE DEFENDANTS

### JEANRICH MANAGEMENT INC. (D/B/A MARRAFLOR)

_(signature)_                                    Date: 10/4/2021

Name (Print): REY J. NIETO                       Title: PRESIDENT

STATE OF NEW YORK    )
                                    ss.:
COUNTY OF Queens     )

On the 4 day of October , 2021, before me, the undersigned, a Notary Public in and
for the State personally appeared Rey J. Nieto , personally known to me or proved
to me on the basis of satisfactory evidence to be the person whose name is subscribed to
the within instrument and acknowledged to me that (s)he executed same in his or her
capacity and by that his or her signature on the instrument, the person or entity upon
behalf of which the person acted, executed the instrument.

Esther Lao
Notary Public

ESTHER LAO
Notary Public, State of New York
No. 01LA6035868
Qualified in Queens County
Commission Expires January 10, 20.22

### MARRAFLO MAINTENANCE CONTRACTING INC. (D/B/A MARRAFLOR)

_(signature)_                                    Date: 10/4/2021

Name (Print): REY J. NIETO                       Title: PRESIDENT

STATE OF NEW YORK    )
                                    ss.:
COUNTY OF Queens     )

On the 4 day of October , 2021, before me, the undersigned, a Notary Public in and
for the State personally appeared Rey J. Nieto , personally known to me or proved
to me on the basis of satisfactory evidence to be the person whose name is subscribed to
the within instrument and acknowledged to me that (s)he executed same in his or her
capacity and by that his or her signature on the instrument, the person or entity upon
behalf of which the person acted, executed the instrument.

Esther Lao
Notary Public

ESTHER LAO
Notary Public, State of New York
No. 01LA6035868
Qualified in Queens County
Commission Expires January 10, 20.22

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF

---------------------------------- x

WUILLIAM RAMIRO NAULAGUARI
TENECELA,

      Plaintiff,

v.

JEANRICH MANAGEMENT INC. (D/B/A
MARRAFLOR), MARRAFLO
MAINTENANCE CONTRACTING INC.
(D/B/A MARRAFLOR), BALTO
ENTERPRISES INC., REY J NIETO, and
EMERICH VON MASSENBACH,

      Defendants.

---------------------------------- x

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

STATE OF ___NEW YORK___ )
                              ss.:
COUNTY OF ___QUEENS___ )

REY J NIETO, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Eastern District of New York.
2. I hereby confess judgment in this court in favor of Plaintiff Wuilliam Ramiro Naulaguari Tenecela ("Plaintiff") for the sum of One Hundred Thousand Dollars and Zero Cents ($100,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.
3. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:
   a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Eastern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;
   b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;

c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit,  Defendants, including myself, agreed to, jointly and severally, pay the sum of $75,000.00 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in six installments;

d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against me in the amount of One Hundred Thousand Dollars and Zero Cents ($100,000.00), less any amounts already paid.

4.          This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: 10/4/2021

By: _____

REY J NIETO

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WUILLIAM RAMIRO NAULAGUARI
TENECELA,

Plaintiff,

v.

JEANRICH MANAGEMENT INC. (D/B/A
MARRAFLOR), MARRAFLO
MAINTENANCE CONTRACTING INC.
(D/B/A MARRAFLOR), BALTO
ENTERPRISES INC., REY J NIETO, and
EMERICH VON MASSENBACH,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

STATE OF ___NEW YORK___ )
                                              ss.:
COUNTY OF ___QUEENS___ )

EMERICH VON MASSENBACH, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Eastern District of New York.

2. I hereby confess judgment in this court in favor of Plaintiff Wuilliam Ramiro Naulaguari Tenecela ("Plaintiff") for the sum of One Hundred Thousand Dollars and Zero Cents ($100,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.

3. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

   a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Eastern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

9

b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;

c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit,  Defendants, including myself, agreed to, jointly and severally, pay the sum of $75,000.00 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in six installments;

d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against me in the amount of One Hundred Thousand Dollars and Zero Cents ($100,000.00), less any amounts already paid.

4.      This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: 10/4/2021

By:  _____

EMERICH VON MASSENBACH

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WUILLIAM RAMIRO NAULAGUARI
TENECELA,

Plaintiff,

v.

JEANRICH MANAGEMENT INC. (D/B/A
MARRAFLOR), MARRAFLO
MAINTENANCE CONTRACTING INC.
(D/B/A MARRAFLOR), BALTO
ENTERPRISES INC., REY J NIETO, and
EMERICH VON MASSENBACH,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

STATE OF _NEW YORK_ )
                         ss.:
COUNTY OF _QUEENS_ )

_REY J. NIETO_ , being duly sworn, deposes and says:

1. I am the _PRESIDENT_ at JEANRICH MANAGEMENT INC. (D/B/A
   MARRAFLOR) ("the Corporation"), a named defendant in an action, involving
   the same parties as the parties in the above-entitled action, previously brought
   in the United States District Court for the Eastern District of New York.
1. On behalf of the Corporation, I hereby confess judgment in this court in favor of
   Plaintiff Wuilliam Ramiro Naulaguari Tenecela ("Plaintiff") for the sum One
   Hundred Thousand Dollars and Zero Cents ($100,000.00), less any amounts paid
   by Defendants in compliance with the terms of the negotiated Settlement &
   Release Agreement referenced in Paragraph 3 below, and, on behalf of the
   Corporation, I hereby authorize said Plaintiff or his successors and assigns and
   all persons acting by, through and in concert with any of them, to enter judgment
   for that sum against the Corporation.
2. This confession of judgment is for a debt justly due to the Plaintiff arising out of
   the following facts:

11

a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Eastern District of New York against, inter alia, the Corporation, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

b. The defendants to the lawsuit ("Defendants"), including the Corporation, denied any wrongdoing;

c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit,  Defendants, the Corporation, agreed to, jointly and severally, pay the sum of $75,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in six installments;

d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against the Corporation in the amount of One Hundred Thousand Dollars and Zero Cents ($100,000.00), less any amounts already paid.

4.        This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: 10/4/2021

_Rey J. Nieto_
(signature)

Name: REY  J. NIETO          Title: PRESIDENT

STATE OF _New York_          )
                                                          ss.:
COUNTY OF _Queens_          )

On the 4 day of _October_ , 2021, before me, the undersigned, a Notary Public in and for the State of _New York_ , personally appeared _Rey J. Nieto_ , personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the within instrument in his or her capacity and that by his or her signature on the instrument, the person or entity upon behalf of which the person acted executed the instrument.

_Esther Lao_
Notary Public

ESTHER LAO
Notary Public, State of New York
No. 01LA6035868
Qualified in Queens County
Commission Expires January 10, 20.22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WUILLIAM RAMIRO NAULAGUARI
TENECELA,

Plaintiff,

v.

JEANRICH MANAGEMENT INC. (D/B/A
MARRAFLOR), MARRAFLO
MAINTENANCE CONTRACTING INC.
(D/B/A MARRAFLOR), BALTO
ENTERPRISES INC., REY J NIETO, and
EMERICH VON MASSENBACH,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

STATE OF _NEW YORK_    )
                                              ss.:
COUNTY OF _QUEENS_    )

_REY J. NIETO_ , being duly sworn, deposes and says:

2. I am the _PRESIDENT_ at MARRAFLO MAINTENANCE CONTRACTING INC.
   (D/B/A MARRAFLOR) ("the Corporation"), a named defendant in an action,
   involving the same parties as the parties in the above-entitled action, previously
   brought in the United States District Court for the Eastern District of New York.

3. On behalf of the Corporation, I hereby confess judgment in this court in favor of
   Plaintiff Wuilliam Ramiro Naulaguari Tenecela ("Plaintiff") for the sum One
   Hundred Thousand Dollars and Zero Cents ($100,000.00), less any amounts paid
   by Defendants in compliance with the terms of the negotiated Settlement &
   Release Agreement referenced in Paragraph 3 below, and, on behalf of the
   Corporation, I hereby authorize said Plaintiff or his successors and assigns and
   all persons acting by, through and in concert with any of them, to enter judgment
   for that sum against the Corporation.

13

4.  This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

    a.  Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Eastern District of New York against, inter alia, the Corporation, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

    b.  The defendants to the lawsuit ("Defendants"), including the Corporation, denied any wrongdoing;

    c.  Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit,  Defendants, the Corporation, agreed to, jointly and severally, pay the sum of $75,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in six installments;

    d.  In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against the Corporation in the amount of One Hundred Thousand Dollars and Zero Cents ($100,000.00), less any amounts already paid.

4.      This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: _10/4/2021_

_Rey & Niel_

(signature)

Name: _REY J. NIETO_          Title: _PRESIDENT_

STATE OF _New York_          )
                                            ss.:
COUNTY OF _Queens_          )

On the _4_ day of _October_ , 2021, before me, the undersigned, a Notary Public in and for the State of _New York_ , personally appeared _Rey J. Nieto_ , personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the within instrument in his or her capacity and that by his or her signature on

14

the instrument, the person or entity upon behalf of which the person acted executed the instrument.

_Esther Lao_

Notary Public

ESTHER LAO
Notary Public, State of New York
No. 01LA6035868
Qualified in Queens County
Commission Expires January 10, 20.22